Colcock, J.
delivered the opinion of the Court.
In this case there must be a new trial. The plaintiff’s demand was clearly established ; and there is no view, which can be taken of the evidence, which will support the defence. The question turns on the last receipt; and I confess myself utterly unable to see how that can be said to prove the payment. It professes to be in part of two debts, without saying what was the amount of either. . But it is said, the jury had a right to presume, that so much of the money mentioned in the receipt, as was necessary to discharge this debt, had been intended for that purpose ; unless the plaintiff rebutted the presumption, by showing to how much of it Cartwright was intitled. It is a sufficient answer to say, that the plaintiff had proved his case, and was not bound to do more. The defendants had undertaken to *268 prove payment, and the burden of proof was on them. It turns out, that the debt to Cartwright was due on judgment, and that he had an execution upon it in the sheriff’s office ; and I am not only willing to admit, that the production of Cartwright’s execution, or the sheriff to prove its amount, would have been decisive of this case, but 1 am content to rest my opinion wholly on the force of this admission. Why was it incumbent on the plaintiff, rather than the defendants, to produce the, execution 1 It was not in his possession ; it was as accessible to the defendants as to him : and in the absence of any evidence, that as much of the sum paid, as would have discharged this debt, was to have been so appropriated, or that it was sufficient to have satisfied both, it constituted a necessary part of the defence. The defendants were bound to make out their defence by the best evidence which was accessible to them ; but to' introduce the receipt, without also producing Cartwright’s execution to shew its effect, was to rely on equivocal proof, when the most satis-actory was within their reach.
Cartwright’s execution has been produced here ; and it may be permitted to refer to it, not as a part of the evidence in this case, but as an independent fact which exhibits the propriety of the general rule. The execution goes conclusively to support the view I have taken of this case. It shews that the amount paid was not sufficient to discharge both debts ; and the verdict therefore can only be supported on the presumption, that the whole amount paid was to be applied to the plaintiff’s debt in the first place, leaving an execution under which his property might at any timé be seized and sold, unsatisfied. This presumption would have been sufficiently violent under any circumstances,but it becomes far more so, when it is borne in mind, that the defendant himself, subsequently to the date of the receipt, acknowledged that there was still a balance due on this note. '
With regard to the defendant’s right to appropriate the sum paid to whichever of the debts he pleased : as he did not direct the application of the money at the time when it passed out of his hands, he certainly cannot do so now, unless he can shew that it is still within his control. The plaintiff has applied it as far as he could by bringing this action. It is true this is not a payment of two debts to one creditor; but the plaintiff could *269 not know, that this receipt would be set up as a payment to him, and therefore could not be expected to explain it. The verdict must, therefore, be set aside, and a new trial granted.